**SO ORDERED.**

**SIGNED this 23rd day of August, 2012.**





_____
Robert E. Nugent
United States Chief Bankruptcy Judge

_____

OPINION DESIGNATED FOR ON - LINE PUBLICATION
BUT NOT PRINT PUBLICATION

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MICHAEL WESLEY UTTERBACK, | ) | Case No. 10-13443 |
| | ) | **Chapter 7** |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| DON CLEVENGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Adversary No. 12-5004 |
| | ) | |
| MICHAEL WESLEY UTTERBACK, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### ORDER DISMISSING ADVERSARY PROCEEDING

Defendant Michael Utterback is entitled to have Don Clevenger's complaint for a determination of dischargeability under § 523 and for denial of discharge under § 727 dismissed only if all of the

-1-

material factual issues raised in it can be resolved merely by reading the pleadings in Clevenger's best light, and, taking Clevenger's factual allegations as true, the Court must be certain that Clevenger could not obtain relief on the facts alleged. If Clevenger has alleged facts that support his standing ability to recover on these claims, Utterback's motions for judgment and to dismiss must be denied. To have standing to bring these actions, Clevenger must be a creditor of Utterback. But, as the pleadings show, Clevenger relies exclusively upon a state court lawsuit and default judgment against Utterback's former construction company, Cobblestone Builders, Inc. as the basis for his claims in this court against Utterback as an individual. Clevenger has no claim against Utterback and no debt that he can except from Utterback's discharge, meaning that he lacks standing to bring this adversary proceeding. The motions should be granted and the proceeding dismissed.

**Procedural Setting**

Utterback filed two motions, one for partial judgment on the pleadings on Clevenger's § 523(a)(2) and (a)(6) exceptions to his discharge and one to dismiss the balance of Clevenger's complaint because Clevenger lacked standing to bring a general objection to discharge under § 727(c).[1] Both motions require analysis of the same pleadings that were filed here and in state court and involve common legal elements. They may be addressed together in this combined order.

**The Parties' Relationship and Litigation**

In the adversary complaint, Clevenger pleads that Utterback is "an individual formerly doing business as Cobblestone Builders, Inc."[2] He incorporates by reference his petition and a journal entry of default judgment filed in Sedgwick County District Court against Cobblestone and relies on the facts alleged in those papers as the predicate for his § 523(a) claims against Utterback. Indeed, he alleges that

---

[1] Adv. Dkt. 15 and 25.

[2] Adv. Dkt. 1

-2-

Case 12-05004    Doc# 30    Filed 08/23/12    Page 2 of 6

"Utterback's debt to Clevenger pursuant to the judgment" should be excepted form discharge under § 523(a)(2) and (a)(6).[3] He also alleges that Utterback's conduct in filing the bankruptcy offended several subsections of § 727(a) and that Utterback is barred from receiving a chapter 7 discharge.

The state court petition alleges that on December 3, 2007, Cobblestone contracted with Clevenger to remodel his home and erect a pole shed on his property. On February 5, 2008, Cobblestone and Clevenger signed an addendum that expanded the scope of the work to include an addition to Clevenger's house. Clevenger paid Cobblestone $36,000. After Cobblestone completed the home remodel, it stopped work, leading Clevenger to terminate the agreement by letter on April 9, 2008, demanding the return of $26,000 for the work he paid for that had not been done. In the letter, which is attached to the state court petition, Clevenger stated that Cobblestone's failure to timely complete the work was the basis for termination.[4] Clevenger sued Cobblestone (but not Utterback) on December 9, 2009 for breach of contract and for promising work that it did not intend to do, a deceptive act that he claimed violated KAN. STAT. ANN. § 50-624 of the Kansas Consumer Protection Act. In the petition, Clevenger set out that Cobblestone had breached the written contract but the only facts pleaded in support of the KCPA claim were that Cobblestone "committed deceptive acts and practices by offering property or services without intent to sell them."

Also attached to the adversary compliant is a state court journal entry of judgment against Cobblestone entered May 21, 2010. The journal entry recites the same facts and allegations contained in the petition and adds a "finding" that Cobblestone's deceptive acts "caused willful and malicious injury to Plaintiff and his property within the meaning of 11 U.S.C. § 523(a)(6)." No such allegation was

---

[3] *Id.* at ¶s 20-21.

[4] Adv. Dkt. 1-2, p. 9.

-3-

pled in the state court petition and is accordingly disregarded.[5]

Utterback filed his bankruptcy petition on October 7, 2010. After Clevenger received several extensions of time in which to file objections to Utterback's discharge, he filed this complaint on January 6, 2012. In it, he alleged that Utterback omitted assets, misstated facts in his schedules and statement of financial affairs and that Utterback had withheld documents from Clevenger in Rule 2004 examinations. Those allegations are the basis of plaintiff's § 727(b) general objections to discharge in Count I. In Count II, plaintiff alleges that "*Utterback's* debt to Clevenger *pursuant to the judgment* shown in Exhibit B [the default judgment], and *Utterback's statements and actions* found true therein" represent a debt that should be excepted from Utterback's discharge for fraud under § 523(a)(2) and willful and malicious damage under § 523(a)(6).[6] Defendant answered timely and now seeks to dismiss the § 727 claims for lack of standing and the § 523 claims because they are time-barred. In his response, plaintiff says, for the first time, that Cobblestone's acts should be imputed to Utterback because he is the alter ego of the company and that Utterback is liable for Cobblestone's debt to plaintiff.

**Analysis**

Fed. R. Civ. P. 12(b)(1) allows the court to dismiss a complaint for lack of subject matter jurisdiction.[7] Without standing to sue, plaintiff cannot invoke the subject matter jurisdiction of this court. Motions for judgment on the pleadings are governed by Fed. R. Civ. P. 12(c) and may be filed at any time after the pleadings are closed. In deciding a motion for judgment, the Court must determine whether all the material issues in the case can be resolved by recourse to the pleadings alone, but if the

---

[5] *See* KAN. STAT. ANN. § 60-254(c) (prohibiting the taking of a default judgment different in kind from that pled); Fed. R. Civ. P. 54(c). It should also be noted that a corporate entity is not in any event granted a chapter 7 discharge in bankruptcy. *See* 11 U.S.C. § 727(a)(1).

[6] Adv. Dkt. 1, ¶¶ 21 & 22.

[7] Fed. R. Bankr. P. 7012 incorporates Fed. R. Civ. P. 12(b)-(i) in adversary proceedings.

-4-

non-moving party's pleadings contain facts that would support a recovery, the motion must be denied.[8] At issue is whether any material issue of fact is presented and only if the movant can establish that it is entitled to judgment as a matter of law can the court enter judgment under Rule 12(c).[9]

Clevenger lacks standing to bring either of the claims alleged in the complaint against Utterback. First, he made no claim and holds no judgment against Utterback; his only judgment is against Cobblestone. The only claim asserted against Utterback in the complaint is that "*Utterback's* debt to Clevenger *pursuant to the judgment* shown in Exhibit B [the default judgment], and *Utterback's statements and actions* found true therein" support exceptions to Utterback's discharge.[10] He alleges no conduct of Utterback, only that the corporate judgment is Utterback's obligation. He alleges no facts that would support a finding that Utterback intentionally deceived him, only that Utterback's company breached its agreement. In the state case, Clevenger made no claim against Utterback personally and the state court made no findings concerning Utterback's conduct whatsoever. All Clevenger does here is make the bald allegation that the judgment against the corporation is "Utterback's debt." The absence of any economic or legal relationship between Utterback and Clevenger is fatal to Clevenger's standing.

As Utterback shows, only a creditor, a trustee or the United States Trustee may assert a general objection to discharge under § 727.[11] Likewise, only the "creditor to whom such debt is owed," may seek to have the debt excepted from the debtor's discharge under § 523.[12] The term "creditor" is defined

---

[8] *See* 5C *Fed. Prac. & Proc. Civ.* § 1368.

[9] *Park Univ. Enterprises, Inc. v. American Cas. Co.,* 442 F.3d 1239, 1244 (10th cir. 2006), *In re Mullaney,* 197 B.R. 942, 945 (D. Colo. 1995).

[10] Adv. Dkt. 1 [emphasis added].

[11] *See* § 727(c).

[12] Section 523(c)(1).

-5-

in the Bankruptcy Code at § 101(10) as an entity that has a claim against the debtor. A "claim" is a right to payment or a right to an equitable remedy for failure of performance. A "debt" is the liability on a claim. Clevenger has not filed a claim against the debtor Utterback in the bankruptcy case, nor did he assert any such claim in state court.[13] Clevenger is a state court creditor of Cobblestone, but he is not a creditor here.

In reaching this conclusion, I disregard plaintiff's reference in the briefs to the alter ego theory being a basis for his having a cause of action against Utterback in this court. All that I consider are the complaint, the answer, and their attachments. Nothing in them even hints of any the well-known elements that a creditor must establish to render an individual responsible for the debts of a corporation in which he has an ownership interest.[14] Not being a creditor, Clevenger lacks standing to proceed against Utterback on either count of his complaint, thereby depriving the court of subject matter jurisdiction of this adversary proceeding.

Having concluded that this complaint should be dismissed for lack of jurisdiction under Rule 12(b)(1), I need not reach the issue of whether any action against Utterback is barred by the state law statute of limitations or any other matters raised in the motion papers. The defendant's motions for judgment and to dismiss are therefore GRANTED and the adversary proceeding is DISMISSED.

# # #

---

[13] Because this is a no-asset case, the bar date has not been established.

[14] *See Sampson v. Hunt,* 233 Kan. 572, 579, 665 P.2d 743 (1983) (citing *Amoco Chemicals Corp. v. Bach*'s enumeration of some eight factors to consider to justify disregard of the corporate entity and "pierce the corporate veil").

-6-

Case 12-05004   Doc# 30   Filed 08/23/12   Page 6 of 6